**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-04020-NYW

JESUS ALEJANDRO DIAZ BERMUDEZ,

Petitioner,

v.

WARDEN/FACILITY ADMINISTRATOR, Denver Contract Detention Facility, Aurora, Colorado,
FIELD OFFICE DIRECTOR, Denver Field Office, U.S. Immigration and Customs Enforcement,
SECRETARY, U.S. Department of Homeland Security,

Respondents.

---

# ORDER

---

This matter is before the Court on Petitioner's Motion to Enforce the Court's September 14, 2026 Order ("Motion to Enforce" or "Motion"). [Doc. 25]. Respondents have responded to the Motion, stating that they "are not submitting a brief in opposition." [Doc. 26]. For the reasons set forth in this Order, the Motion is respectfully **GRANTED**.

## BACKGROUND

Petitioner is detained at an immigration detention facility in Aurora, Colorado. [Doc. 1; Doc. 25 at 1–2]. On August 28, 2026, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. 1]. The Court granted the petition in part on September 14, 2026, and ordered Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a). [Doc. 16]. The Court further ordered that "[a]t the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that

Petitioner's continued detention is justified" and that "[i]f Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention." [*Id.* at 8–9]. On September 28, 2026, Respondents filed a status report stating that a bond hearing was held on September 21, 2026, at which the immigration judge ("IJ") denied bond. [Doc. 23].

The IJ denied bond upon concluding that Petitioner is a flight risk. [Doc. 25-3 at 3]. In her explanation, in relevant part, she stated:

> As an initial matter, [Petitioner] is subject to an outstanding order of removal from an Immigration Judge. Specifically, DHS provided a copy of the January 11, 2024 in absentia removal order ordering him removed to Venezuela after he failed to appear for his scheduled non-detained hearing. DHS also provide[d] a copy of the Immigration Judge's order from January 11, 2025, denying [Petitioner]'s motion to reopen his removal proceedings. Neither order is currently on appeal before the Board of Immigration Appeals. Thus, [Petitioner] is subject to mandatory detention under section 241(a) of the Immigration and Nationality Act.
>
> However, because the District Court ordered [Petitioner] receive a custody hearing under 8 U.S.C. section 1226(a), INA sec 236(a), this Court found it had jurisdiction to proceed with a custody redetermination hearing. . . .
>
> Here, the Court finds that DHS established by clear and convincing evidence that [Petitioner] presents a significant flight risk. DHS established he is not currently in removal proceedings but has an active order of removal based on his failure to previously appear before the non-detained Immigration Court. The Court then turned to [Petitioner]'s evidence that [Petitioner] suffered a traumatic brain injury that Counsel argues could impact his ability to reopen his proceedings alongside [Petitioner]'s additional evidence that he has a fear of return to Venezuela, presented sponsor documents, and evidence of other ties to his community, including employment history and character letters, and a fixed address. At this time, there is no renewed pending motion for [Petitioner] to reopen his proceedings before the Court and considering the totality of the evidence, including [Petitioner]'s failure to appear, the Court finds he presents a significant flight risk that no amount of bond could mitigate. Accordingly, the Court declined to set a bond in [Petitioner]'s case.

[*Id.*].

Petitioner argues that the IJ improperly "began from the premise that Petitioner is subject to *mandatory* detention under INA § 241(a), 8 U.S.C. § 1231(a), and treated the hearing as an exception compelled by this Court rather than as a genuine § 1226(a) determination." [Doc. 25 at 3]. Petitioner also contends that the only evidence that DHS presented is Petitioner's "2024 in absentia order and a 2025 order denying reopening," which is insufficient for a finding of flight risk. [*Id.*]. Petitioner requests immediate release subject to reasonable conditions of supervision or, alternatively, a new § 1226(a) bond hearing before a different IJ. [*Id.* at 4].

## ANALYSIS

Although the INA provides that "[t]he Attorney General's discretionary judgment regarding the application of [§ 1226] shall not be subject to review" and "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien," 8 U.S.C. § 1226(e), this statute "only bars review of the Attorney General's 'discretionary judgment,'" *Mendez v. Dedos*, No. 1:26-cv-00394-KG-JHR, 2026 WL 973077, at *2 (D.N.M. Apr. 10, 2026) (quoting *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)). "Whether [a petitioner] received the due process to which he was entitled 'is not a matter of discretion' and is subject to judicial review." *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001)); *see also Castillo v. Field Off. Dir.*, No. 25-cv-25296, 2025 WL 4689387, at *5 (S.D. Fla. Dec. 19, 2025) ("Courts have repeatedly concluded that § 1226(e) does not preclude challenges to the procedures used in custody determinations under § 1226." (collecting cases)).

Thus, while the Court cannot "serv[e] as an appellate court over an IJ's bond decision," the Court may "assess[] whether the IJ applied the legal standard prescribed

by this Court and otherwise followed the Court's directives." *Quiroz Zacarias v. Mullin*, No. 26-cv-00574-WJM, 2026 WL 1092162, at *3 (D. Colo. Apr. 22, 2026). In this Order, the Court does not weigh the evidence before the immigration judge or act as an appellate court conducting a review of the IJ's ultimate determination. Instead, the Court will "review the nature and structure of the [IJ's decision] for the minimal indicia of due process." *Lopez v. Paulk*, 830 F. Supp. 3d 1356, 1368 (M.D. Ga. 2026).

"[D]ue process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed." *Jackson v. Indiana*, 406 U.S. 715, 738 (1972). "The due process requirement that the nature and duration of confinement bear some reasonable relation to the purpose of the individual's commitment necessarily means the bond decision must be individualized." *D.Y.E.H. v. Warden, Irwin Det. Ctr.*, 839 F. Supp. 3d 1170, 1183 (M.D. Ga. 2026); *see also Kamara v. Att'y Gen. of U.S.*, 420 F.3d 202, 211 (3d Cir. 2005) ("In the administrative context, [a noncitizen] . . . has the right to an individualized determination of his or her interests." (cleaned up)). "For a bond hearing to be fundamentally fair, any evidence relied upon by an IJ 'must be individualized and support a finding that continued detention is needed to prevent him from fleeing or harming the community.'" *de Souza Almeida v. Lowe*, No. 4:26-cv-01750, 2026 WL 2943125, at *3 (M.D. Pa. Sept. 30, 2026) (quoting *Santos v. Lowe*, No. 1:18-cv-01553, 2020 WL 4530728, at *3 (M.D. Pa. Aug. 6, 2020)).

Petitioner argues that "the record cannot support a finding of flight risk by clear and convincing evidence" and Respondents "did not carry the burden this Court imposed." [Doc. 25 at 3 (emphasis omitted)]. Respondents do not dispute this position and have thus waived any arguments in opposition. *See, e.g.*, *Adamscheck v. Am. Fam. Mut. Ins. Co.*, 818 F.3d 576, 588 (10th Cir. 2016) (a party's failure to respond to an argument

renders the issue waived); *Mendoza Hernandez v. Baltazar*, No. 26-cv-03652-WJM, 2026 WL 2453685, at *4 (D. Colo. Aug. 21, 2026) ("Respondents have waived any arguments they might otherwise have had in response to Mendoza Hernandez's claims by . . . declining to respond to Mendoza Hernandez's claims and his arguments in support of those claims.").

The Court notes that "[a]lthough an IJ is not required to discuss ad nauseum every piece of evidence, she still has an obligation to give reasoned consideration to the evidence as a whole, make supportable findings, and adequately explain her reasoning." *Motylev v. Strafford Cnty. Dep't of Corr.*, No. 1:26-cv-00103-SE-AJ, 2026 WL 2516939, at *2 (D.N.H. Aug. 5, 2026) (cleaned up). The IJ's failure to address Petitioner's specific circumstances, relying instead on what is essentially a presumption of flight risk that could be assigned to a great number of immigration detainees, "indicate[s] an absence of the individualization required by due process." *Lopez*, 830 F. Supp. 3d at 1368; *see also Farias-Ortega v. Soto*, No. 25-cv-17848-RK, 2026 WL 2671677, at *4 (D.N.J. Sept. 10, 2026) (collecting cases and recognizing that courts have "ruled that a bond hearing is fundamentally unfair where the IJ found that the petitioner is a flight risk based solely on the existence of a removal order and failed to consider a petitioner's individual circumstances"). Because Respondents do not defend the IJ's order or dispute Petitioner's argument that he did not receive the individualized determination that due process requires, the Motion to Enforce is **GRANTED**.

Turning to the appropriate relief, Petitioner asks for an order granting him "release under reasonable conditions of supervision, such as electronic monitoring and periodic reporting." [Doc. 25 at 4]. Respondents request the same. *See* [Doc. 26 at 1]. Therefore,

the Court finds that immediate release under reasonable conditions of supervision set by the Department of Homeland Security is appropriate and warranted.[1]

## CONCLUSION

For the reasons set forth in this Order, **IT IS ORDERED** that:

(1) Petitioner's Motion to Enforce the Court's September 14, 2026 Order [Doc. 25] is **GRANTED;**

(2) Respondents **SHALL RELEASE** Petitioner subject to reasonable conditions set by the Department of Homeland Security **within 24 hours** of the entry of this Order;

(3) On or before **December 2, 2026**, Respondents **SHALL FILE** a Status Report confirming that Petitioner was released and stating which conditions, if any, Petitioner is subject to; and

---

[1] The Court notes that it appears from the briefing on the Motion to Enforce that Petitioner may be held under 8 U.S.C. § 1231 rather than § 1226. *See* [Doc. 25-3 at 5 (IJ observing that Petitioner is subject to a January 11, 2024 order of removal, which is not on appeal); Doc. 25 at 3 (Petitioner acknowledging that from January 2025 until he was detained, he had "full knowledge that he was subject to a final order of removal")]. These facts were not presented to the Court when it was ruling on Petitioner's original petition for writ of habeas corpus. *See* [Doc. 1 at 5 (Petitioner alleging that "[n]o immigration judge has entered an order of removal against [him] and "[n]o order of removal exists, and none is administratively final"); Doc. 11 at 2 (Respondents' response to the habeas petition indicating that appropriate relief would be "a bond hearing under 8 U.S.C. § 1226(a)")].

Even under the § 1231 analysis, however, given the Respondents' lack of response to both the original petition and the Motion to Enforce, Respondents have clearly not met their burden of showing that Petitioner's detention, 19 months after his order of removal became final, is reasonable. *See Abedi v. Carter*, --- F.4th ----, 2026 WL 3149141, at *28 (10th Cir. Oct. 21, 2026) (holding that after six months have elapsed from the date that an order of removal becomes final, "[d]etention . . . is no longer presumed reasonable" and a court "must conduct a case-specific analysis to conclude whether the detention meets the *Zadvydas* reasonableness standard absent this presumption"). Therefore, the result—i.e. that Petitioner should be released—is the same regardless of which statute applies to Petitioner's detention.

(4) The Clerk of Court is **DIRECTED** to mail this Order to Petitioner at his address of record.

DATED: November 24, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge